Green, J.
delivered the opinion of the court.
This is an action on the case brought by the defendant in error against the plaintiffs in error, for the value of a negro slave, which he had hired to them, and which slave, it is alleged, by their negligence had sickened and died.
The proof is, that the slave had been employed on board a steamboat, where he became sick with a disease of the bowels, which resulted in mortification and death in two days after the boat arrived at Nashville when a physician was for the first time called in. The physician who attended the slave after he arrived at Nashville, was examined as a witness on the trial, and stated that when he was called in he did not think the slave would recover; that he saw him again the next morning, his case was hopeless, mortification had taken place, and he died that evening. The boy told him he had been sick three weeks with dysentery. This statement of the slave was objected to and the objection overruled, to which the defendants excepted. The physician stated that he always considered in his examination of patients the his *376 tory of their ease as a necessary element in determining the nature and character of their disease'.
In his charge, his honor told the jury that they would disregard the statement of the slave to the physician as to the length of time he had been sick, as it was not competent testimony; The court further instructed. the jury that the contract of hiring being for the mutual benefit of the owner and the taker to hire, the latter is held to ordinary diligence and no more; that is, to that card of the slave which á man of ordinary diligence, placed in like circumstances, would be , expeóted .to take óf his own slave. That this ordinary diligence should ■ be used in protecting the slave from danger'1' and disease — in discovering disease if it really existed, and in the treatment of it. ■ -.
The jury found for the plaintiff, and the defendants appealed in error to this court.
1. It is first objected by the counsel for the plaintiffs' in error, that the statement of the slave as to the'character and duration of his disease were improperly admitted; and that this error was not cured by the subsequent exclusion of them from the jury. .
It is certainly true, that the admission of incompetent evidence, although the jury aré told to disregard it, will most generally exert some influence in their minds. It ought not, therefore, to; be heard by them, But, when evidence shall have been inadvertently heard by the' jury, if the court direct them to. disregard, it as incompetent, the judgment is not erroneous by reason of its admission. But, in this case, we regard the declaration of the slave, as to the character and duration of his disease, as clearly admissible. '
Mr. Greenleaf, in.his work on evidence, speaking of declarations and surrounding circumstances that constitute res gesta, says, s. 108, p. 120: “Their admissibility is determined by the Judge, according to the degree of their relation to the principal fact, and in the exercise of his sound discretion. The principal points of attention are, whether the circumstances and declarations offered in proof were cotemporaneous.. with the main’fact under consideration, and whether they were so connected with it, as-to illustrate its character.” *377 Now, here, the main fact was the character of the disease. The physician says, the history of the disease is a necessary element in determining its nature and character. That this is true, the observation and common sense of every man will confirm. Is it not plain, therefore, that the duration and previous symptoms were calculated to illustrate the character of the disease? If so, this history, according to the rule laid down by Mr. Greenleaf, was properly received in evidence. But, in page 114, of the 'Same work, s. 102, the very case is stated. The author says: “So also the representation of a sick person, of the nature, symptoms, and effects of the malady .under which he is laboring at the time, are received as original evidence. If made to a medical attendant, they are of greater weight as evidence, but if made to any other person they are not on that account rejected.” But the counsel insists, that, if these principles are correct, as to the declarations of sick persons who could be' competent witnesses, they do not apply to the present case, because the sick person was a slave, whose evidence on oath would be inadmissible. This distinction is rather specious than solid. When declarations are adnütted as res gesta, it is not upon the ground that the party making them could be a witness; but they are “verbal acts,” connected with the transaction, and calculated to illustrate its character. Thus, in an action for criminal conversation, the wife’s letters are evidence to.show upon what-terms she lived with her husband, and their deportment towards each other.—Greenleaf’s Ev. s. 102. But she would be incompetent to testify either for or against her husband. The statement of a sick slave, as to the seat of his pain, the nature, symptoms, and effects of his malady, is as well calculated to illustrate the character of his disease, as would be the statements of any other person. They are, therefore, equally admissible for that purpose. But, whether expressions, indicating .the nature and. effects of a disease, uttered by the sick person, are real or feigned, Is for the jury to determine.
2. It is next objected, that .the court so charged the jury in relation to the degree of diligence the defendants were bound to use, as to convey the impression thát they were *378 bound to the utmost degree of diligence. The court told the jury that the defendants were bound to ordinary diligence, that is, such care as a man of ordinary diligence, placed in like circumstances, would be expected to take of his own slave. This proposition is admitted to be correct; but it is insisted his honor erred, when he added, “that this ordinary diligence should be used in protecting the slave from danger and disease — in discovering disease if it really existed, and in the treatment of it.” This specification of the various matters in relation to which ordinary diligence should be employed, does not alter the nature of the proposition first stated. It is still only ordinary diligence; ordinary diligence in protecting the slave from danger and disease; ordinary diligence in discovering disease if it existed; and ordinary diligence in its treatment.
We perceive no error in the charge of the court, and affirm the judgment.